# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

SAMSON MESKEL,                          :
                                        :
              Petitioner,        :        Criminal Action No.: 04-0053 (RMU)
                                        :
              v.                 :        Document No.:        25
                                        :
UNITED STATES OF AMERICA,               :        **FILED**
                                        :
              Respondent.        :        JUL 1 3 2005

## MEMORANDUM OPINION

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### DENYING THE PETITIONER'S MOTION FOR BAIL

## I.   INTRODUCTION

This matter comes before the court on the petitioner's motion for bail pending a

determination of the plaintiff's motion to vacate, set aside or correct sentence pursuant to 28

U.S.C. § 2255.[1]  The petitioner argues that the court should grant bail while his § 2255 motion is

pending because he will soon complete his prison sentence.  Because the petitioner does not meet

the standard for release on bail pending a § 2255 motion, which requires not only a substantial

legal claim based on the facts of the petition but also exceptional circumstances, the court denies

the petitioner's motion.

---

[1]      The court treats the petitioner's "motion for bail pending appeal" as a motion for bail pending
determination of his § 2255 petition because the petitioner has filed a § 2255 motion, not an
appeal.  Pet'r's Mot.  Contrary to the petitioner's assertion, the Bail Reform Act, 18 U.S.C. §
3143(b), does not apply to proceedings under 28 U.S.C. § 2255.  *United States v. Kelly*, 790 F.2d
130, 139 (D.C. Cir. 1986); *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985).

## II.   BACKGROUND

In February 2004, the petitioner pled guilty to one count of conspiracy to commit theft from an interstate shipment in violation of 18 U.S.C. § 371. Resp't's Opp'n at 1. During the plea colloquy, the petitioner stated that the respondent's factual proffer was accurate, that no one had indicated to him what sentence he might receive, that he was satisfied with his attorney's services, and that no one had made any promises to him outside of the scope of the plea agreement. *Id.* The petitioner also signed a plea agreement setting his base offense level at six and adding twelve levels for a loss in excess of $200,000, pursuant to § 2B1.1 of the Federal Sentencing Guidelines. *Id.* at 2. By signing, the petitioner certified that he had carefully reviewed each part of the agreement with his attorney. *Id.* On June 10, 2004, the court sentenced the petitioner to eighteen months of incarceration followed by two years of supervised release, and ordered him to pay $6,979.98 in restitution. *Id.*

On March 29, 2005, the petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. *Id.* In his § 2255 motion, the petitioner alleges that his attorney unlawfully induced a guilty plea by promising, outside of the scope of the plea agreement, a sentence of probation in exchange for the petitioner's testimony at the trial of co-conspirator Melvin George. *Id.* The petitioner further alleges that he received ineffective assistance of counsel because his attorney recommended that the petitioner agree to an incorrect plea agreement. Specifically, the petitioner alleges that the plea agreement improperly increased his offense level for a loss of more than $200,000, when the actual loss was $6,979.98. *Id.* Finally, the petitioner moves the court to reduce his sentence in light of *Booker v. United States*, which makes the Federal Sentencing Guidelines advisory, rather than mandatory. Pet'r's Mot. at

2

1. On April 22, 2005, the petitioner filed a motion for release on bail pending a determination by this court of his § 2255 petition. *Id.* The court now turns to that motion.

### III.    ANALYSIS

#### A. Legal Standard for a Motion for Bail Pending a 28 U.S.C. § 2255 Petition

A person may challenge the validity of his sentence under 28 U.S.C. § 2255 by moving the court that imposed the sentence to "vacate, set aside, or correct the sentence." 28 U.S.C. § 2255; *see also Daniels v. United States*, 532 U.S. 374, 377 (2001); *Wilson v. Office of Chairperson, D.C. Bd. Of Parole*, 892 F. Supp. 277, 279 n.1 (D.D.C. 1995) (holding that "it is well settled in this jurisdiction and elsewhere that § 2255 will lie only to attack the imposition of a sentence and that an attack on the execution thereof may be accomplished only by way of habeas corpus in the district of confinement") (quoting *Hartwell v. United States*, 353 F. Supp. 354, 357-58 (D.D.C. 1972)). A district court has the "inherent power" to grant bail to a § 2255 movant if it has jurisdiction to decide the § 2255 motion. *Guerra v. Meese*, 786 F.2d 414, 417 (D.C. Cir. 1986) (holding that the court's jurisdiction to order release as a final disposition of an action includes an inherent power to grant bail pending a determination of the merits of that action) (citing *Baker v. Sard*, 420 F.2d 1342, 1343 (D.C. Cir. 1969)).

Courts measure requests for bail pending a § 2255 motion against a stringent, two-prong standard. *See Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990). The petitioner must show that (1) the § 2255 petition is based on a substantial claim of law, and (2) the motion for bail is based on exceptional circumstances deserving of special treatment. *Id.*; *United States v. Kelly*, 790 F.2d 130, 139 (D.C. Cir. 1986) (explaining that a release request in § 2255 proceedings is

3

measured against "a heightened standard requiring a showing of exceptional circumstances") (quoting *Baker*, 420 F.2d at 1343)); *see also Aronson v. May*, 85 S. Ct. 3, 5 (1964) (holding that in cases where incarceration "result[s] from a judicial determination of guilt" a petitioner is not entitled to bail pending appeal unless the appeal presents a substantial question of law and special circumstances).

> Courts exercise the power to grant bail "very sparingly" because:

> A defendant whose conviction has been affirmed on appeal (or who waived his right of appeal, as by pleading guilty ...) is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his postconviction proceeding is even weaker than the case for bail pending appeal. And the interest in finality of criminal proceedings is poorly served by deferring execution of sentence till long after the defendant has been convicted.

*Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985). Indeed, very few cases present exceptional circumstances, and those that do are typically limited to situations involving the impending completion of short sentences or grave illness. *See Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992); *Boyer v. City of Orlando*, 402 F.2d 966, 968 (5th Cir. 1968) (ordering the immediate release on bail of a prisoner who would have completed his 120-day sentence before his habeas case could be docketed for determination); *Johnston v. Marsh*, 227 F.2d 528, 531 (3d Cir. 1955) (granting immediate release for hospital treatment to an advanced diabetic rapidly progressing toward total blindness under conditions of confinement).

### B. The Court Denies the Petitioner's Motion for Bail

### 1. Petitioner Fails to Show that his § 2255 Motion is Based on a Substantial Legal Claim

Without ruling on the merits of the petitioner's § 2255 motion at this time, this court rules that the petitioner fails to establish that he has presented a substantial claim of law based on the

4

facts of his § 2255 petition.  In his § 2255 motion, the petitioner alleges that (1) his guilty plea

was not knowing and voluntary; (2) his attorney provided ineffective assistance of counsel

resulting in an unfair sentence; and (3) the court should apply *United States v. Booker*, 125 S. Ct.

738 (2005), retroactively to reduce his sentence.  Pet'r's Mot. at 1.  The court addresses each of

these three arguments in turn.

### a.  Petitioner Fails to Show that his Plea was not Knowing and Voluntary

The petitioner argues that his plea was not knowing or voluntary.  Pet'r's Mot. at 1.  But,

the petitioner's declarations during the plea colloquy, as well as his signature on the plea

agreement, certify that he had carefully reviewed each part of the plea agreement, Resp't's Opp'n

at 1, and indicate that his guilty plea was knowing and voluntary.  "The representations of the

defendant at a plea hearing as well as any findings made by the judge accepting the plea,

constitute a formidable barrier in any subsequent collateral proceeding and the defendant's

declarations in open court carry a strong presumption of verity."  *United States v. Farley*, 72 F.3d

158, 163 (D.C. Cir. 1995) (brackets and internal quotation marks omitted) (citing *Blackledge v.*

*Allison*, 431 U.S. 63, 73-74 (1977)).  The petitioner had an opportunity to challenge the

respondent's factual proffer stating that he conspired to steal goods worth more than $200,000,

and yet he certified the proffer as accurate.  Resp't's Opp'n at 1.  He also had an opportunity

during the plea colloquy to confirm the alleged promise of probation in exchange for his

testimony at the trial of co-conspirator Melvin George, and yet he expressly stated that no

promises outside of the scope of the plea agreement had been made.  *Id.*  Because the defendant's

declarations during the plea colloquy are presumptively true, he faces a formidable hurdle in

showing that his sentence must be vacated under § 2255 because his guilty plea was not knowing

5

and voluntary. *See Farley*, 72 F.3d at 163.

### b. Petitioner Fails to Show that he Received Ineffective Assistance of Counsel

The petitioner also argues that he received ineffective assistance of counsel because he was "sentenced under an increased base offense level." Pet'r's Reply at 1. The petitioner's declarations during the plea colloquy, as well as his signature on the plea agreement, however, indicate that he was satisfied with his attorney's services, *id*. at 1-2, and that he is unlikely to prevail on the § 2255 motion based on an effective assistance of counsel argument. During the plea colloquy, the petitioner had an opportunity to express any dissatisfaction with the performance of his attorney, and yet he affirmatively stated that he was satisfied with the services of his attorney. *Id*. at 1. In addition, the petitioner signed the written plea agreement stating that his base offense level was six, with twelve levels added for a loss in excess of $200,000, an offense level which he only now challenges as an unfair result produced by ineffective counsel. *Id*. at 2. Even if the petitioner's attorney indicated prior to the plea that the petitioner would receive a lesser sentence, inaccurate advice as to how much time a defendant will serve by pleading guilty does not constitute ineffective assistance of counsel. *United States v. Cooper*, 725 F.2d 756, 757 (D.C. Cir. 1984) (upholding the denial of a § 2255 petition to a defendant whose attorney promised a thirty-day sentence and placement in a "special program," when in fact the court sentenced the defendant to twenty months in federal prison after he pled guilty); *see also Brigdeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000) (holding that erroneous advice leading to a guilty plea does not amount to ineffective assistance of counsel unless the defendant alleges facts that the prediction was made in bad faith); *Estes v. United States*, 883 F.2d 645, (8th Cir. 1989) (holding that an attorney's failure to explain a plea agreement to the

6

defendant was not ineffective assistance of counsel because the defendant understood the matter

on his own). Accordingly, the petitioner has not persuaded the court at this point that he has a

substantial claim based on ineffective assistance of counsel.

### c. The Petitioner is Unlikely to Prove that *Booker* Should be Applied Retroactively

Third, the petitioner argues that he is likely to succeed on the merits of his § 2255 motion

because the Federal Sentencing Guidelines are now advisory, rather than mandatory. Pet'r's

Mot. at 1-2. The petitioner, however, does not have a substantial claim of law based on the

Supreme Court's recent opinion in *Booker* because that opinion does not apply retroactively to

cases on collateral review. *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005)

(holding that *Booker* does not apply retroactively to collateral attacks made pursuant to § 2255

because it is not a watershed rule of criminal procedure); *Green v. United States*, 397 F.3d 101,

103 (2d Cir. 2005) (explaining that *Booker* does not apply on collateral review because the

Supreme Court limited its holding to cases on direct review). While neither the Supreme Court

nor this circuit's court of appeals has issued a formal opinion on whether *Booker* applies

retroactively to cases on collateral review, the D.C. Circuit, in a per curiam order, declined to

apply *Booker* retroactively to cases on collateral review. *In re Hinton*, 2005 WL 566608 at *1

(D.C. Cir. Mar. 10, 2005). Furthermore, two courts in this district have held that *Booker* does

not apply retroactively to the collateral review of sentences under § 2255. *United States v.*

*Agramonte*, 366 F. Supp. 2d 83, 89 (D.D.C. 2005); *United States v. Mathis*, 2005 WL 692082 at

*15 (D.D.C. 2005). Accordingly, the petitioner fails to establish a substantial legal claim that

*Booker* requires the court to vacate his sentence pursuant to § 2255.

## 2. Petitioner Does not Present any Exceptional Circumstances

Assuming *arguendo* that the petitioner has a substantial legal claim, the petitioner must also demonstrate that exceptional circumstances warrant his release on bail. *Aronson*, 85 S. Ct. at 5; *Kelly*, 790 F.2d at 139. The petitioner alleges that the impeding completion of his sentence constitutes an exceptional circumstance because this court will be unable to reach a disposition of his § 2255 motion before he is released. Pet'r's Resp. to Opp. at 2. The court, however, does not agree because, in analyzing a petitioner's circumstances, courts generally consider *both* the scheduled date of release and the total length of the prison sentence. *Landano*, 970 F.2d at 1239; *Boyer*, 402 F.2d at 968. A court is more likely to grant bail pending the determination of a § 2255 motion when the defendant is serving a short sentence for a relatively minor crime and that sentence is near completion.[2] *See Calley v. Callaway*, 496 F.2d 701, 702 n.1 (5th Cir. 1974).

In the case at bar, the petitioner fails to present any exceptional circumstances because his sentence is longer than the sentences of successful bail movants. *See Landano*, 970 F.2d at 1239. The petitioner is serving an eighteen-month prison sentence, which comfortably exceeds the length of sentences that courts have generally deemed to constitute an exceptional circumstance. *See Ancona v. Lantz*, 2005 WL 839655 at *10 (D. Conn. Apr. 8, 2005) (denying bail to a prisoner serving a six-month sentence with three months remaining in the sentence); *United States v. Jasin*, 2000 WL 1886576 at *4 (E.D. Pa. Dec. 11, 2000) (denying bail to a prisoner serving a 24-

---

[2]     As one court explained, when a defendant is nearing the completion of a short prison sentence, a petition for collateral review might be rendered ineffectual if the entire sentence has been served by the time the court grants relief. In these rare cases, the court will release the defendant on bail while a determination on the § 2255 petition is pending, and effectively stay the sentence until the court reaches a decision. *Scheinert v. Henderson*, 800 F. Supp. 263, 265 (E.D. Pa. 1992).

month sentence); *United States v. Moscariello*, 1999 WL 391382 at *1 (E.D. Pa. May 5, 1999)
(granting bail to a prisoner serving a four-month sentence); *Boyer*, 402 F.2d at 968 (granting bail
to a prisoner serving a 120-day sentence). While less than six months of the petitioner's sentence
remained at the time he petitioned this court, the petitioner's predicament is partially self-
inflicted because he waited more than nine months from his sentencing date to file the § 2255
motion. *See Ancona*, 2005 WL 839655 at *10 (basing its denial of bail in part on the fact that the
petitioner waited forty-nine days after the denial of his certiorari petition before filing a habeas
petition). Accordingly, the petitioner fails to demonstrate an exceptional circumstance
warranting his release on bail pending the court's determination of his § 2255 motion.

### 3. Mootness

Implicit in the petitioner's argument that he fulfills the exceptional circumstances
requirement is the concern that completion of his prison sentence will render his § 2255 motion
moot, either because he is no longer in custody for purposes § 2255 or because § 2255 relief will
be ineffectual once he has been released from prison. But in the event that the court does not
reach a determination of the petitioner's § 2255 motion prior to his release from prison, his
petition for relief will not be moot because he his sentence includes two years of supervised
release. *United States v. Ohiri*, 2005 WL 1332269 at *3 (10th Cir. June 7, 2005) (noting that
even after the petitioner served his sentence and was no longer incarcerated, his § 2255 motion
was not moot because he was subject to supervised release, the ramifications of his felony
convictions, and significant fines); *United States v. Camargo*, 2005 WL 79118 at **1 (5th Cir.
Jan. 14, 2005) (holding that a § 2255 petition was not moot where the petitioner was serving a
term of supervised release); *C.f. Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (holding that some

9

concrete and continuing injury other than the now-ended incarceration must exist if the suit is to be maintained). In short, should the petitioner complete his prison sentence before the court rules on his § 2255 motion, the two-year term of supervised release to follow will ensures that his case is not rendered moot.

## IV.   CONCLUSION

For the foregoing reasons, the court denies the petitioner's motion for bail pending a determination on the merits of the petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 7th day of July 2005.

Ricardo M. Urbina
United States District Judge